Appeal No. 24-1462

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff and Appellee,<br><br>v.<br><br>WALTER GLENN PRIMROSE,<br><br>Defendant and Appellant. | CA NO. 24-1462<br>DC No. 22-CR-00060-LEK<br>(District of Hawaii)<br><br>OPENING BRIEF |

OPENING BRIEF OF APPELLANT

Law Offices of
GEORGE C. BOISSEAU
California State Bar Number 75872
740 4th Street, Second Floor
Santa Rosa, California 95404
Phone: (707) 578-5636
Fax: (707) 578-1141
Email: boisseaugc@msn.com

Attorneys for Defendant and Appellant
WALTER GLENN PRIMROSE

# TABLE OF CONTENTS


Page

STATEMENT OF JURISDICTION 1

INTRODUCTION 2

STATEMENT OF THE CASE 5

BAIL STATUS 8

STATEMENT OF FACTS AT TRIAL 8

ARGUMENT 13

I. THERE IS INSUFFICIENT EVIDENCE TO SUPPORT A CONVICTION FOR CONSPIRING TO MAKE FALSE STATEMENTS, A VIOLATION OF 18 U.S.C. §§371, 1001, IN A MATTER WITHIN THE JURISDICTION OF THE DEPARTMENT OF DEFENSE, BECAUSE THERE WAS NO SPECIFIC INTENT TO MAKE FALSE STATEMENTS 13

1. Summary of Argument 13

2. Standard of Review 14

3. PRIMROSE did Not Conspire to Make False Statements in a Matter Within the Jurisdiction of the Department of Defense in order to Obtain a Military Dependant Identification Card for Morrison who was Identifying Herself as Julie Lyn Montague because there is Insufficient Evidence that Either Acted with Knowledge that Their Conduct was Unlawful 15

II. THERE IS INSUFFICIENT EVIDENCE TO SUPPORT A CONVICTION FOR AGGRAVATED IDENTITY THEFT BECAUSE THERE IS INSUFFICIENT EVIDENCE THAT PRIMROSE OR MORRISON USED THE

IDENTIFICATION OF ANOTHER IN RELATION TO MAKING STATEMENTS TO OBTAIN A MILITARY IDENTIFICATION IN THE NAME OF JULIE LYN MONTAGUE 22

1. Summary of Argument 22

2. Standard of Review 23

3. There is Insufficient Evidence that PRIMROSE Used the Identification of Another in Relation to Making Statements Regarding His Identity or that of Morrison to Obtain an Military Identification Card for Morrison 23

III. THERE IS INSUFFICIENT EVIDENCE TO ESTABLISH THAT PRIMROSE COMMITTED THE OFFENSE OF PASSPORT FRAUD IN VIOLATION OF 18 U.S.C. §1542 25

1. Summary of Argument 25

2. Standard of Review 25

3. There is Insufficient Evidence to Support the Offense of Using a Passport to Obtain an Hawaiian Drive's Licence in Violation of 18 U.S.C. 1542 because PRIMROSE did not Knowingly and Willfully Make False Statements in Conjunction with the Use of Passport 26

CONCLUSION 29

# TABLE OF AUTHORITIES

## CASES

*Bryan v. United States,* 524 U.S. 184 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 20

*Hirsch v. INS,* 308 F.2d 562 (9th Cir. 1962) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Jackson v. Virginia,* 443 U.S. 307 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 23, 25

*Liss v. United States,* 915 F.2d 287 (7th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . 27

*Musacchio v. United States,* 577 U.S. 237 (2016) . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*United States v. Aifang Ye,* 792 F.3d 1164 (9th Cir.2015) . . . . . . . . . . . . . . . . . . . . 27

*United States v. Carrier,* 654 F.2d 559 (9th Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . 15

*United States v. Cox,* 593 F.2d 46 (6th Cir. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . 27

*United States v. Dang,* 488 F.3d 1135 (9th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . 19

*United States v. Hong,* 938 F.3d 1040 (9th Cir. 2019) . . . . . . . . . . . . . . . . . . . . . . . 24

*United States v. Kleiman,* 890 F.3d 1020 (9th Cir.2019) . . . . . . . . . . . . . . . . . . . . . 18

*United States v. Lynch,* 903 F.3d 1061 (9th Cir.2018) . . . . . . . . . . . . . . . . . . . . . . . 18

*United States v. Nevils,* 598 F.3d 1158 (9th Cir. 2010) . . . . . . . . . . . . . . . . 14, 23, 26

*United States v. O'Bryant,* 775 F.2d 1528 (11th Cir. 1985) . . . . . . . . . . . . . . . . . . . 27

*United States v. Stanton,* 495 F.2d 515 (5th Cir.1974) . . . . . . . . . . . . . . . . . . . . . . . 18

*United States v. Tuan Ngoc Luong,* 965 F.3d 973 (9th Cir. 2020) . . . . . . . 14, 23, 25

## STATUTES

18 U.S.C. §1028A . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 23, 24

18 U.S.C. §1001 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 16

18 U.S.C. §1542 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 27, 28

18 U.S.C. §3231 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. §1291 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Fed.R.App.P. 4(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Appeal No. 24-1462

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff and Appellee,<br><br>v.<br><br>WALTER GLENN PRIMROSE,<br><br>Defendant and Appellant. | Appeal No. 24-1462<br><br>District Court No.<br>DC No. 22-CR-00060-LEK<br>District of Hawaii<br><br>BRIEF OF APPELLANT |

## STATEMENT OF JURISDICTION

The district court's subject jurisdiction was based on 18 U.S.C. §3231. The judgment of conviction is properly appealable as a final order. This Court's statutory appellate jurisdiction is based on 28 U.S.C. §1291.

The sentence was imposed on March 6, 2024. (CR 347; ER-34-41.).[1] The judgment of conviction and sentence was filed on March 7, 2024. (CR 349; ER 214-220.) The notice of appeal was filed on March 11, 2024. (CR 353; ER-42-43.) Thus, the notice of appeal was timely filed. Fed.R.App.P. 4(b), (c).

1 .CR refers to Clerk's Record/Docket Entries and ER refers to Excerpts of Record. The Reporter's Transcripts (RT) are cited by reference to date and page.

## INTRODUCTION

There should be, under the law, as long as someone is not hurt or defrauded by the deception, an end to prosecution and a bar to charging offenses whose conduct occurred over thirty-five years before. An identity should not only be based upon the birth name and date on a birth certificate but instead based on what one does with that name and birth date. Shakespeare is not known for his true name and birth date but for his body of work–the works of art that will last an eternity no matter what his true name is or is not.

PRIMROSE has lived the majority of his life as Bobby Edward Fort. He did not legally change his name–he appropriated the name and date of birth of Bobby Edward Fort who died shortly after his birth. PRIMROSE, using the birth certificate of Bobby Edward Fort, obtained a Texas driver's license in 1987, obtained a social security number under the same name, and later obtained a United States passport in the name of Bobby Edward Fort. Using the driver's license to enlist in the United States Coast Guard under the name of Bobby Edward Fort, PRIMROSE served his county for over twenty years under that name and identity. He obtained a passport, passport cards, passport extensions, Hawaii driver's licenses, and top security clearance all under his now assumed identity of Bobby Edward Fort. He did not assume another's identity to claim he was a United States citizen when he was not or

to escape from a criminal past–his citizenship has never changed and he has no criminal history except the offenses in this case for which he was convicted.

Thirty-five years after he assumed the identity of Bobby Edward Fort, PRIMROSE was arrested for the using the identity assumed in 1987. Representing himself at trial, PRIMROSE did not raise the statute of limitations affirmative defense but instead made a motion for judgment of acquittal after the government rested its case against him. It is against this legal backdrop that he challenges his convictions.

Raised, in this appeal, are the fundamental questions whether there ever comes a time when the government is barred from seeking a conviction against a defendant who has lived a life under a name which was not his or her at birth and whether a defendant acts willfully and knowingly in violation of the law when, having have lived a lifetime under his or her assumed name, continues to represent that he or she is the person whose identity has been assumed? When viewed through the prism of criminal intent, the two questions are linked. There should come a time when a person who has lived under an assumed name has earned the right to that name and identity.

In this regard, Bobby Edward Fort held himself out as Bobby Edward Fort to the public since 1987. He obtained a social security number under the name of Bobby Edward Fort, paid into this account, and paid taxes as Bobby Edward Fort.

His military service was real. Under the assumed name of Bobby Edward Fort, PRIMROSE rose through the ranks to become Chief Petty Officer at the time of his retirement. He did not shirk from duty–he served his country in times of global conflict before and after 9/11.

His offenses of conviction stem from a conspiracy to willfully and knowingly make materially false, fictitious and fraudulent statements or representations in a matter within the jurisdiction of the Department of Defense on or about August 28, 2018–the object of the conspiracy was to fraudulently obtain a Military Dependent Identification Card for Morrison who had changed her identity to Julie L. Montague. But PRIMROSE had retired from the Coast Guard after twenty years of service in 2016 under the name of Bobby Edward Fort and Morrison, his wife, had assumed the identity of Jule Lynn Montague since 1987. The aggravated identity theft was based on PRIMROSE's and Morrison's use of the Bobby Edward Fort and Julie Lyn Montague identities they had been using since 1987. The false statements in the application and use of a passport offense was based on using PRIMROSE's passport in the name of Bobby Edward Fort, which he had obtained in 1994, to obtain a Hawaii driver's license in the same name. Finally, the overall conspiracy spanned 1987 to 2022, charging a scheme to change PRIMROSE's and Morrison's identity to Bobby Edward Fort and Julie Lyn Montague. This conspiracy detailed the assuming of the

identities of the Bobby Edward Fort and Julie Lyn Montague and the use of these identities to obtain driver's licences, social security cards, passports and identity cards for over 35 years.

True, PRIMROSE and Morrison had changed their birth names but had held themselves out to the public as Bobby Edward Fort and Julie Lyn Montague since 1987 and had lived productive lives under those names. They were not hiding criminal records, citizenship, or other malfeasance under the names of PRIMROSE and Morrison–they chose, instead, to reinvent themselves and live their lives as Bobby Edward Fort and Julie Lyn Montague.

## STATEMENT OF THE CASE

This appeal in a criminal case is from a district court judgment and sentence following a conviction after a jury trial.

On July 28, 2022, in the District of Hawaii, WALTER PRIMROSE (PRIMROSE) and co-defendant Gwynn Morrison (Morrison) were charged in a four-count Indictment with conspiracy to willfully and knowingly make materially false, fictitious and fraudulent statements or representations in a matter within the jurisdiction of the Department of Defense in violation of United States Code §§1001, 371 (Count 1); aggravated identity theft in violation of 18 U.S.C. §1028A (Count 2); false statement in the applicaation and use of a passport in violation of 18 U.S.C.

§1542 (Count 3); and false statement in in application for a passport in violation of United States Code §1542 (Count 5). (CR 19; ER–12-177,) PRIMROSE was charged in Counts 1, 2 and 5 with Morrison and separately in Count 3. Morrison was separately charged in Count 4.[2]

A Superceding Indictment was filed on January 12, 2023. (CR 77; ER--3-11.) Count 1 of the Superceding Indictment charged PRIMROSE and Morrison with a conspiracy to make false statements to fraudulent obtain a Military Dependent Identification Card for Morrison that falsely identified her as Julie L. Montagne in violation of 18 U.S.C. §371, 1001. (ER– 3-11.) Count 2 charged both with aggravated identity theft by knowingly possessing and using, without lawful authority the identity of another person in violation of 18 U.S.C. §1028A. (ER–3-11.) Count 3 charged PRIMROSE with willfully and knowingly obtaining a passport by false statements and using that passport to obtain a Hawaiian driver's license in violation of 18 U.S.C. §1542. (ER–3-11.) Count 4 charged Morrison with making false statements to obtain a passport renewal in violation of 18 U.S.C. §1542. (ER–3-11.) Count 5 charged both

---

2. On July 22, 2022, PRIMROSE and Morrison were originally charged in a criminal complaint charging the same offense conduct. (CR 6,11.) They were detained upon their arrest on the complaint and remained detained through all the proceedings. (CR 10, 11, 21, 24, 122, 162.)

PRIMROSE and Morrison with an overall conspiracy to obtain false United States passports in violation of 18 U.S.C. §371. (ER–3-11.)

PRIMROSE and Morrison both proceeded to trial *pro se* with standby counsel. (CR 195, 196, 200 223.) PRIMROSE filed, in *pro se*, motions to suppress evidence, compel discovery, dismiss the indictment for vindictive prosecution, and for dismissal for speedy trial violations. (CR 200, 202, 203.) Those motions were denied before trial. (CR 226, 228, 232, 239, 250.) The government's *in limine* motion to admit two occasions of applying for a military dependent identification and four times of applying for a Hawaii Drivers license under a false name was granted by the district court. (CR 249.)

Jury trial commenced with jury selection on October 23, 2023, (CR 285.) Trial continued for five days. (CR 285, 289, 292, 294, 295, 298,)

PRIMROSE brought a motion for judgment of acquittal after the government rested. It was denied by the district court. (CR 295; ER–20-23; 10/27/23 RT 41, 42.) On the fifth day of trial, October 30, 2023, the jury returned guilty verdicts against PRIMROSE on Counts 1, 2, 3 and 5. The jury returned guilty verdicts against Morrison on Counts 1, 2, 4 and 5. (CR 298.)

A sentencing hearing was held on March 6, 2024. (CR 347.) On that date, the district court sentenced PRIMROSE to a total term of 34-months, consisting of 10-

months as to Counts 1 , 3 and 5 to run concurrently and 24-months on Count 2 to run consecutively to Counts 1, 3 and 5. (ER–34-41; 3/6/24 RT 19, 22, 36-37.) The court also imposed a 3-year supervised release term on Counts 1, 3 and 5 and one-year on Count 2, all to run concurrently. The $6,500 and a special assessment fine of $400. (CR 347; ER–34-41; 3/6/24 RT 22, 36-37.)

PRIMROSE filed his notice of appeal on March 11, 2024. (CR 353; ER–42-43.)

BAIL STATUS

PRIMROSE has completed his sentence of 34-months and is currently on supervision by the United States Probation Department, District of Hawaii.

STATEMENT OF FACTS AT TRIAL[3]

PRIMROSE, nee Walter Glenn Primrose, was born in Texas. (10/26/23 RT 8-15, 39.) Both PRIMROSE and the co-defendant Gwynn Darle Morrison (Morrison) attended Stephen F. Austin University in Texas and married each other in Texas in 1980. (3/25/23 RT 17, 99-100, 102; 10/27/23 RT 76, 76-77.) PRIMROSE and Morrison, now married, lived and worked for a time as Walter Glenn Primrose and Gwynn Primrose. (10/25/23 RT 17.) PRIMROSE was issued a United States passport

---

2. The government called thirty-three witnesses during its case–in-chief. PRIMROSE testified in his defense. Morrison also testified in her defense.

in the name of Walter Glenn Primrose in April, 1987. He renewed his a passport under the name of Walter Glenn Primrose in March, 1999, using the personal identifying information, name, date of birth, place of birth, and social security number of Walter Glenn Primrose.[4] (10/27/23 RT 66, 79, 82.)

Their lives, however, took a dramatic turn in 1987, precipitated by a sudden loss of financial security and threats from loan sharks. (10/27/23 RT 60-64.) Around that time, PRIMROSE obtained a Texas birth certificate for a deceased infant named Bobby Edward Fort. (11/23/21 RT 86, 96-97.) The infant had died weeks after his birth in 1967. Shortly after obtaining the birth certificate, PRIMROSE assumed the identity of Bobby Edward Fort and obtained a Texas driver's license under that name. He obtained several extensions of his driver's license using his now assumed name of Bobby Edward Fort. (10/25/23 RT 30, 49-50, 74-76, 77, 81.) Also in 1987, PRIMROSE made an application for a social security card using the personal information, name and date of birth, of Bobby Edward Fort. PRIMROSE was issued a social security number under Bobby Edward Fort. (10/24/23 RT 96-97.)

Morrison, for her part, assumed the identity of Julie Lyn Montague, another infant who had died shortly after her birth. (10/24/23 RT 48-49, 86.) Morrison was

---

4. PRIMROSE testified that he never used the PRIMROSE passport after obtaining a passport under the name of Bobby Edward Fort. (10/27/23 RT 90.)

issued a social security card in 1987 under the name Julie Lyn Montague and driver's licenses under the same name. (10/24/23 RT 86, 1047, 110-111 136; 10/25/23 RT 74, 76, 77, 78-80, 82, 102-103, 104, 120-122; 10/27/23 RT 70.)

PRIMROSE did not contest any of the government's evidence introduced at trial. He admitted he had assumed the identity of Bobby Edward Fort and had obtained passports, driver's licenses and a social security card under that name. He admitted that he was born Walter Glenn Primrose but had used the identity of Bobby Edward Fort, first obtained in 1987, for over 35 years. (10/24/23 RT 112-113, 117; 10/27/23 RT 60, 65.) From that date on, he presented himself to the public as Bobby Edward Fort, obtaining passports and driver's licenses in that name. (10/24/23 RT 96-97, 102, 103, 106, 113 122-124; 10/24/23 RT 66, 70, 74-75.) He enlisted in the United States Coast Guard in 1994 under the name of Bobby Edward Fort and served in the Coast Guard until retiring in 2016 after twenty years of service.[5] (10/25/23 RT 15, 54-55, 120-121, 134, 138-140; 10/26/23 RT 91; 10/27/23 RT 65, 66.) He obtained the rank of Chief Petty Officer and retired under the assumed name of Bobby Edward Fort. (10/24/RT 102, 103. 104-105, 106; 10/26/23 RT 46-48, 72 83.) After retiring

---

5. When PRIMROSE enlisted in the United States Coast Guard in 1994, using the assumed identity of Bobby Edward Fort, he represented himself to be approximately 12 years younger than he was. (10/25/23 RT 120-121.)

from the Coast Guard he began working for a Department of Defense contractor where he was working until his arrest. (10/26/23 RT 54-55.)

PRIMROSE, using the assumed name of Bobby Edward Fort, had been issued five United States passports–three blue tourist passport books and two office passport books. PRIMROSE applied for the United States passport using the date of birth, place of birth and name of Bobby Edward Fort. He also used the social security number he had previously obtained under the name of Bobby Edward Fort. The first application for a passport was in 1996 and PRIMROSE reapplied in 2001, 2006, 2009 and most recently in February, 2016–all under the name of Bobby Edward Fort. PRIMROSE's most recent passport was issued to him as Bobby Edward Fort on February 23, 2016.

PRIMROSE paid his taxes using the assumed social security number of Bobby Edward Fort and had no prior criminal record under either identity. (3/27/23 RT 66, 67.) He traveled under the name of Bobby Edward Fort while he was serving his country in the Coast Guard. (10/24/23 RT 104-106; 10/26/23 RT 67; 10/27/23 RT 86.) He also obtained secret security clearance under the name of Bobby Edward Fort. (3/27/23 RT 66.)

PRIMROSE was born a United States citizen under the name of Walter Glenn Primrose and was a United States citizen under the assumed name of Bobby Edward

Fort. (3/27/23 RT 67, 75, 76.) PRIMROSE and Morrison remarried after 1987 under the assumed identities of Bobby Edward Fort and Julie Lyn Montague. PRIMROSE, assuming the identity of Bobby Edward Fort, also obtained Hawaiian driver's licenses. (10/26/23 RT 98, 100, 101-102, 103-104.) In 2014 PRIMROSE made a driver's license renewal application in the name of Bobby Edward Fort. As proof of his identity, he used his United States passport issued to him under the name of Bobby Edward Fort. In March of 2022, PRIMROSE applied for an extension of his driver's license issued under the name of Bobby Edward Fort. (10/27/23 RT 86.) In support of his application, PRIMROSE used his social security number and his Department of Defense identification card issued under the name of Bobby Edward Fort. (10/27/23 RT 79.)

In August, 2018, PRIMROSE and Morrison presented themselves to the Department of Defense (DOD) ID card office in the Hawaii National Guard building, in Kapolei, Hawaii, where they applied for an identification card/DEERS (Defense Enrollment Eligibility Reporting System) enrollment form. (10/26/23 RT 55, 72, 72-73, 79, 93-95.) PRIMROSE identified himself as Bobby Edward Fort, certifying that he was Bobby Edward Fort and that the information as to his identity was accurate. (10/25/23 RT 72, 73-79; 10/26/23 RT 111, 117, 120-121; 10/27/23 RT 82.) Morrison identified herself as Julie Lyn Montague and obtained a DOD identification card

bearing the personal information of Julie Lyn Montague. (10/25/23 RT 82, 93-95; 10/27/23 RT 95.)

The investigation of PRIMROSE and Morrison began in 2020. (10/24/23 RT 128, 130-131.) PRIMROSE and Morrison were arrested for passport and identity fraud on or about July 22, 2022. (10/24/23 RT 159; 10/25/23 RT 58.)

## ARGUMENT

### I.

### THERE IS INSUFFICIENT EVIDENCE TO SUPPORT A CONVICTION FOR CONSPIRING TO MAKE FALSE STATEMENTS, A VIOLATION OF 18 U.S.C. §§371, 1001, IN A MATTER WITHIN THE JURISDICTION OF THE DEPARTMENT OF DEFENSE, BECAUSE THERE WAS NO SPECIFIC INTENT TO MAKE FALSE STATEMENTS.

#### 1. Summary of Argument

There is insufficient evidence that PRIMROSE conspired to make false statements with the jurisdiction of the Department of Defense. PRIMROSE did not have the specific intent to make a false statement. He identified himself as Bobby Edward Fort, the person who had served and retired from the United States Coast Guard. His service was under that name and his spouse, for whom the Military Dependent Identification Card was for, Julie Lyn Montague, had been identifying herself under that name since 1987. Both had assumed the identities of Bobby Edward Fort and Julie Lyn Montague since that time and had held themselves to the

public as those two individuals. Although, PRIMROSE and Morrison had appropriated the names of infants who had died shortly after birth, the identifying documents obtained since 1987 belonged to Bobby Edward Fort and Julie Lyn Montague and to them exclusively. The statements made in order to obtain the Military Dependent Identification Card, were not false because the benefits rightfully belonged to Bobby Edward Fort and Julie Lyn Montague.

2. Standard of Review

This Court reviews claims of insufficient evidence *de novo*. *United States v. Tuan Ngoc Luong*, 965 F.3d 973, 980 (9th Cir. 2020). When evaluating a challenge to the sufficiency of the evidence, this Court determines whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Nevils*, 598 F.3d 1158, 1163-64 (9th Cir. 2010) (*en banc*) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

3. PRIMROSE did Not Conspire to Make False Statements in a Matter Within the Jurisdiction of the Department of Defense in order to Obtain a Military Dependant Identification Card for Morrison who was Identifying Herself as Julie Lyn Montague because there is Insufficient Evidence that Either Acted with Knowledge that Their Conduct was Unlawful.

In this case, Count 1 of the Superceding Indictment charged a conspiracy to make false statements within the jurisdiction of the Department of Defense (DOD). PRIMROSE and Morrison had allegedly conspired together to fraudulently obtain a Military Identification Card for Morrison that falsely identified her as Julie L. Montague. On or about August 28, 2018, PRIMROSE and Morrison went to the Hawaii Army Guard Office in Kapolei, Hawaii, met with personnel at the office who administered the Defense Enrollment Eligibility Report Systems (DEERS) identification site for the DOD, identified themselves as Bobby Edward Fort and Julie Lyn Montague, and signed the application for Identification Card/DEERS Enrollment Form 1172-2.

To willfully make a false statement under §1001, the defendant must have the specific intent to make a false statement. *United States v. Carrier*, 654 F.2d 559, 561 (9th Cir. 1981). Specific intent does not require evil intent, but only that the defendant act "deliberately and with knowledge." *Id*. (quoting *Hirsch v. INS*, 308 F.2d 562, 567 (9th Cir. 1962)). The statute requires the government prove that the defendant acted

with knowledge that his or her conduct was unlawful. *Bryan v. United States*, 524 U.S. 184, 191-92 (1998).

The jury was instructed accordingly.

> In order to prove the conspiracy to willfully and knowingly make materially false, fictitious and fraudulent statements or representations in a matter within the jurisdiction of the Department of Defense in violation of 18 U.S.C. §1001. First, beginning on or about August 28, 2018 and ending in August 28, 2018, there was an agreement between two or more persons to commit and offense against the United States, that is to willfully and knowingly made materially false, fictitious and fraudulent statements or representation in a matter within the jurisdiction of the Department of Defense. Second, the defendant because a member of the conspiracy knowing of a least one of its objects and intending to help accomplish it. Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

(10/27/23 RT 12-13.)

In this case, any false statements were made in 1987 to secure the identities of Bobby Edward Fort and Julie Lyn Montague–something that was not charged in this Count of the Superceding Indictment. By August 28, 2018, PRIMROSE and Morrison had held themselves out as Bobby Edward Fort and Julie Lyn Montague for over 31-years. PRIMROSE had served in the United States Coast Guard until retirement in 2016 as Bobby Edward Fort. Morrison was married to him as Julie Lyn Montague.

Admittedly, there is no criminal case which purports to authorize a defendant legally assuming the identity of another just through the passage of time. But the unique nature of the facts presented in this case call into question the law as applied to someone who has lived a life under an assumed name, has lived crime free under that name (and his or her previous identity), and who has openly and notoriously held themselves out under the assumed identity with no intent to defraud anyone by using the assumed identity. Should the law, even though it does not currently so recognize, have an exception authorizing one to assume another identity when one has lived most of their adult life under that name.

Somewhat ironically, the military authorizes correction of a person's military record upon separation from service under an assumed name. Title 10, Section 1551 allows one to correct the name on their military records when they have served under an assumed name as long as it was not assumed to conceal a crime or to avoid its consequences.

Nevertheless, the law does recognize, at least in real property, that one can obtain title to real property through open and notorious assertion of the right to that property. Real property law entitles a person to obtain title through adverse possession–a concept yet unrecognized in criminal law as it relates to assumed identities. Adverse possession is an actual and visible appropriation of the land,

commenced and continued under a claim of right inconsistent with and hostile to the claim of another. See *United States v. Stanton*, 495 F.2d 515, 517 (5th Cir.1974).

If there ever was a case for supporting the legal concept of one adversely assuming the identity of another, this would be the case. PRIMROSE had openly possessed the identity of Bobby Edward Fort and had done so for almost 35-years. He had obtained driver's licenses, a social security card, a passport, paid taxes and had served his country in the Coast Guard all under the name of Bobby Edward Fort. He did not commit criminal offenses under the name of Bobby Edward Fort and had no criminal record under his given name Walter Primrose. Nor did he try to fraudulent represent himself to be United States citizen. He was a United States citizen by birth and the assumed identity of Bobby Edward Fort was also a United States citizen by birth.

There was no defense presented at trial by the defense other than perhaps jury nullification. However, this circuit has prohibited the district court from instructing the jury on the concept of jury nullification. See *United States v. Kleiman*, 890 F.3d 1020, 1032 (9th Cir.2019); *United States v. Lynch*, 903 F.3d 1061, 1080 (9th Cir.2018). And the statute of limitations for the offenses charged, 5-years, is an affirmative defense which was not raised in this case. PRIMROSE, representing himself at trial, did not assert a trial defense of statute of limitations.

Under United States Supreme Court precedent, such defense only becomes part of a case if the defendant puts the defense in issue. When a defendant presses a limitations defense, the Government then bears the burden of establishing compliance with the statute of limitations by presenting evidence that the crime was committed within the limitations period or by establishing an exception to the limitations period. When a defendant fails to press a limitations defense, the defense does not become part of the case and the Government does not otherwise have the burden of proving that it filed a timely indictment. When a defendant does not press the defense, then, there is no error for an appellate court to correct—and certainly no plain error. A defendant thus cannot successfully raise the statute-of-limitations defense in §3282(a) for the first time on appeal. *Musacchio v. United States*, 577 U.S. 237, 246-249 (2016).

Similarly, laches, an equitable remedy, is not applicable to criminal cases. Whether or not laches is an available defense in civil denaturalization proceedings is an open question in the Ninth Circuit. See *United States v. Dang*, 488 F.3d 1135, 1143-44 (9th Cir. 2007) ("It remains an open question in this circuit as to whether laches is a permissible defense to a denaturalization proceeding."). Both the Supreme Court and the Ninth Circuit have assumed the availability of laches as a defense to defendants in denaturalization suits, and have evaluated their laches defenses on the

merits. See, e.g., *Costello v. United States*, 365 U.S. 265, 281-282 (1961); *Dang*, 488 F.3d at 1144.

Fairness, if not case law, supports the general proposition that one who has harmed no one by assuming the name and date of birth of an infant who died in infancy, should be able to live with the identity he or she has assumed for most of their adult life. Credit histories were built by Bobby Edward Fort and Julie Lyn Montague based upon their conduct after they assumed the identities. Taxes were paid and income was obtained as Bobby Edward Fort and Julie Lyn Montague. Their adult lives were lived under these assumed identities–their reputations and accomplishments were their own under those assumed names.

When Bobby Edward Fort and Julie Lyn Montague obtained a DEED identification, based on the fact that Bobby Edward Fort had retired from the military and Julie Lyn Montague was his spouse, they did not willfully and knowingly make any false statements. The statements made as to their identities were true. They did not act with knowledge that their conduct was unlawful. See *Bryan v. United States*, *supra*, 524 U.S. at 191-92.

A tragedy for his family, Bobby Edward Fort died in childbirth and was never able to live a life and create an identity uniquely to himself. The same can be said as to Julie Lyn Montague. But by reinventing themselves as Bobby Edward Fort and

Julie Lyn Montague, PRIMROSE and Morrison did not steal their identities as much as just use their names and dates of birth. The lives they lived as Bobby Edward Fort and Julie Lyn Montague were their own. What makes an identity unique to a person was not stolen but rather built up solely by PRIMROSE and Morrison–their uniqueness as human beings were not created by assuming the identities of others who had done the work, but rather built upon a foundation of their own hard work, accomplishments and responsibilities.

Thus, when PRIMROSE and Morrison applied for a DEED identification card, they did not have the specific intent to make false statements or conspire to make false statements. Bobby Edward Fort had served and retired from the military. Julie Lyn Montague, his wife, was entitled to the benefits that accrued from his military service. Their assumed identities were not false but rather based upon almost 35-years as living as Bobby Edward Fort and Julie Lyn Montague.

II.

THERE IS INSUFFICIENT EVIDENCE TO SUPPORT A CONVICTION FOR AGGRAVATED IDENTITY THEFT BECAUSE THERE IS INSUFFICIENT EVIDENCE THAT PRIMROSE OR MORRISON USED THE IDENTIFICATION OF ANOTHER IN RELATION TO MAKING STATEMENTS TO OBTAIN A MILITARY IDENTIFICATION IN THE NAME OF JULIE LYN MONTAGUE

1. Summary of Argument:

The statements made to obtain the DEED identification card for Julie Lyn Montague were not made deliberately with knowledge that the conduct was unlawful. They had both assumed the identities of Bobby Edward Fort and Julie Lyn Montague since 1987. The identities assumed, and the means of identification, were their own. Thus, under *Dubin,* the requisite "relation to" the predicate offense was not present in this case because PRIMROSE's and Morrison's did not misuse another person's means of identification. Bobby Edward Fort and Julie Lyn Montague's means of identification were theirs, not someone's else. It was Bobby Edward Fort who had served in the military and was deserving of the benefits accruing to his spouse.

2. Standard of Review:

This Court reviews claims of insufficient evidence *de novo*. *United States v. Tuan Ngoc Luong*, *supra*, 965 F.3d at 980. When evaluating a challenge to the sufficiency of the evidence, this Court determines whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Nevils*, *supra,* 598 F.3d at 1163-64 (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

3. There is Insufficient Evidence that PRIMROSE Used the Identification of Another in Relation to Making Statements Regarding His Identity or that of Morrison to Obtain an Military Identification Card for Morrison.

The aggravated identity theft violation, Count 2, charged PRIMROSE and Morrison, using the names Bobby Edward Fort and Julie Lyn Montagne, of knowingly possessing and using identification of another person during and in relation to making false statements.

The aggravated identity theft statute provides:

> Whoever, during and in relation to any felony violation enumerated in subsection (c), knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years.

18 U.S.C. §1028A(a)(1). In *Dubin*, the Supreme Court resolved a circuit split over the breadth of the statute's requirement that the means of identification be "use[d]" "in relation to" a predicate offense. *Dubin v. United States,* 599 U.S. 110, 116 (2023). *Dubin* held that the requisite "relation to" the predicate offense is present when "the defendant's misuse of another person's means of identification is at the crux of what makes the underlying offense criminal." *Id*. at 114. In adopting this standard, *Dubin* "cited with approval ths court's precedent as well as other circuit decisions that provided 'more restrained readings of the aggravated identity theft statute'" with respect to "use." See *United States v. Ovsepian*, 113 F.4th 1193, 1205 (9th Cir. 2024) (quoting *Dubin*, 599 U.S. at 116, citing *United States v. Hong*, 938 F.3d 1040, 1051 (9th Cir. 2019)).

Here, the means of identification made to obtain the DEED identification card for Julie Lyn Montague belonged to PRIMROSE and Morrison. They had both assumed the identities of Bobby Edward Fort and Julie Lyn Montague since 1987. The identities assumed and the means of identification were their own. Thus, under *Dubin,* the requisite "relation to" the predicate offense was not present in this case because PRIMROSE's and Morrison's misuse of another person's means of identification is not at the crux of what would make the underlying offense charged in this case criminal. Bobby Edward Fort and Julie Lyn Montague's means of

identification were theirs, not someone's else. It was Bobby Edward Fort who had served in the military and was deserving of the benefits accruing to his spouse.

III.

THERE IS INSUFFICIENT EVIDENCE TO ESTABLISH THAT PRIMROSE COMMITTED THE OFFENSE OF PASSPORT FRAUD IN VIOLATION OF 18 U.S.C. §1542.

1. Summary of Argument:

There is insufficient evidence to establish that PRIMROSE obtained the passport used in 2014 by false statements in violation of 18 U.S.C. §1542, The evidence established that PRIMROSE used his passport, first obtained in 1996 under the name of Bobby Edward Fort, to secure an Hawaiian driver's license on April 4, 2014. But PRIMROSE had assumed the identity of Bobby Edward Fort since 1987, was at the time serving in the United States Coast Guard under the name of Bobby Edward Fort, and had a social security card in the name of Bobby Edward Fort. By 2014, PRIMROSE had obtained another three passports all under the name of Bobby Edward Fort.

2. Standard of Review:

This Court reviews claims of insufficient evidence *de novo*. *United States v. Tuan Ngoc Luong*, *supra,* 965 F.3d at 980. When evaluating a challenge to the sufficiency of the evidence, this Court determines whether, "after viewing the

evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Nevils*, *supra,* 598 F.3d at 1163-64 (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

3. There is Insufficient Evidence to Support the Offense of Using a Passport to Obtain an Hawaiian Drive's Licence in Violation of 18 U.S.C. 1542 because PRIMROSE did not Knowingly and Willfully Make False Statements in Conjunction with the Use of Passport.

As to the use of passport secured by false statement, the government had to prove that the defendant used a United States passport as charged in the indictment, the passport was secured in any way by reason of a false statement, and the defendant acted knowingly and willfully. (10/27/23 RT 16-17.) The evidence established that PRIMROSE used his passport, first obtained in 1996 under the name of Bobby Edward Fort, to secure an Hawaiian driver's license on April 4, 2014. As pointed out above, PRIMROSE had assumed the identity of Bobby Edward Fort since 1987, was at the time serving in the United States Coast Guard under the name of Bobby Edward Fort, and had a social security card in the name of Bobby Edward Fort. By 2014, PRIMROSE had obtained another three passports all under the name of Bobby Edward Fort.

This Court has held that 18 U.S.C. §1542 does not require that a defendant know his or her action is unlawful. *United States v. Aifang Ye*, 792 F.3d 1164, 1166-1168 (9th Cir.2015). A conviction under the first paragraph of §1542 requires only that, in applying for a passport, the defendant made a statement that the defendant knew to be untrue." The gravamen of the offense . . . is the making of a false statement." See also *United States v. Cox*, 593 F.2d 46, 48 (6th Cir. 1979). Thus, the "crime is complete when one makes a statement one knows is untrue to procure a passport." *United States v. O'Bryant*, 775 F.2d 1528, 1535 (11th Cir. 1985). Knowing use of any false statement to secure a passport, including the use of a false name or birth date, constitutes a violation of §1542. See *Liss v. United States*, 915 F.2d 287, 293 (7th Cir. 1990). Therefore, under the terms of 18 U.S.C.§1542, the government must prove that the defendant made a willful and knowing false statement in an application for a passport or made a willful and knowing use of a passport secured by a false statement.

Section 1542 provides:

> Whoever willfully and knowingly makes any false statement in an application for passport with intent to induce or secure the issuance of a passport under the authority of the United States, either for his own use or the use of another, contrary to the laws regulating the issuance of passports or the rules prescribed pursuant to such laws; or

> Whoever willfully and knowingly uses or attempts to use, or furnishes to another for use any passport the issue of which was secured in any way by reason of any false statement-
>
> Shall be [subject to criminal liability].

18 U.S.C. §1542.

In this case, there is insufficient evidence that PRIMROSE willfully and knowingly used a passport, secured by a false statement, to obtain a Hawaiian driver's license. His passport used in 2014 under the name of Bobby Edward Fort was originally obtained in 1996 and PRIMROSE had applied for, and obtained, three other passports all in the name of Bobby Edward Fort. The statements used to get these passports were not false as PRIMROSE had assumed the identity of Bobby Edward Fort since 1987. Even under the requirements for "willfully and knowingly" for a violation of §1542, the evidence is insufficient to establish that PRIMROSE knew his statements were false when he obtained the passport under the name of Bobby Edward Fort.

## CONCLUSION

For the foregoing reasons, PRIMROSE respectfully requests that this Court vacate his convictions on counts 1, 2 and 3.

Dated: April 28, 2025

Respectfully submitted,

/s/ George Claude Boisseau
GEORGE C. BOISSEAU

Attorney for Appellant
WALTER PRIMROSE

24-1462

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Appeal No. 24-1462 |
| | ) | |
| Plaintiff and Appellee, | ) | District Court No. |
| | ) | 22-CR-00060-LEK |
| v. | ) | District of Hawaii |
| | ) | |
| WALTER GLENN PRIMROSE, | ) | |
| | ) | CERTIFICATION OF |
| Defendant and Appellant. | ) | RELATED CASE |
| | ) | |

I hereby certify that this appeal is related to the appeal in *United States v. Gwynn Darle Morrison*, 24-1558.

Dated: April 28, 2025

Respectfully submitted,

/s/ George C. Boisssseau
GEORGE C. BOISSEAU

Attorney for Appellant
WALTER GLENN PRIMROSE

24-1462

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Appeal No. 24-1462 |
| | ) | |
| Plaintiff and Appellee, | ) | District Court No. |
| | ) | 22-CR-00060-LEK |
| v. | ) | District of Hawaii |
| | ) | |
| WALTER GLENN PRIMROSE, | ) | |
| | ) | CERTIFICATION OF |
| Defendant and Appellant. | ) | WORD COUNT |
| | ) | |

Pursuant to Fed.R.App. 32(a)(7)(C) and Ninth Circuit Rule 32-1, I certify that the OPENING BRIEF is proportionally spaced, is 14-point and contains 6,196 words, thus not exceeding the word limit of 14,000 words for an opening brief.

Dated: April 28, 2025

Respectfully submitted,

/s/ George C. Boissseau
GEORGE C. BOISSEAU

Attorney for Appellant
WALTER GLENN PRIMROSE